1
2
3
4
5            **UNITED STATES DISTRICT COURT**
6               **DISTRICT OF NEVADA**
7

8   WILLIAM MITCHELL BELL,                    )
                                              )
9                          Plaintiff,         )     Case No. 2:11-cv-00922-LDG-PAL
                                              )
10  vs.                                       )     <u>**ORDER**</u>
                                              )
11  MD KEITH COURTNEY, *et al.,*              )     (Mot. Stay Disc - Dkt. #13)
                                              )     (Mot Ext Time Serve - Dkt. #17)
12                         Defendants.        )
    _____)
13

14        Before the court is Defendant Keith Courtney's Motion to Stay Discovery in Light of the

15  Pending Motion to Dismiss (Dkt. #13) filed July 11, 2011, and Plaintiff's Motion to Extend Time to

16  Serve Summons and Complaint (Dkt. #17).

17        The court has reviewed the Motion to Stay Discovery (Dkt. #13).  A stay is requested because

18  the motion to dismiss points out that Plaintiff's complaint allegations involve various state law tort

19  claims  for which the applicable statute of limitations has run.  Additionally, the motion to dismiss

20  alleges Plaintiff failed to comply with the provisions of NRS 41A.071 which requires dismissal of an

21  action asserting a medical malpractice claim if an action is filed without an affidavit of a medical expert

22  supporting the claim.

23         The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery

24  when a potentially dispositive motion is pending.  However, in the Ninth Circuit, district courts may

25  exercise "wide discretion in controlling discovery."  *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.

26  1988).  The Ninth Circuit has held that a district court may enter a protective order staying discovery

27  when a pending motion to dismiss for failure to state a claim on which relief may be granted is pending

28  if the district court "is convinced that the Plaintiff will be unable to state a claim for relief."  *Wood v.*

*McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (*per curiam*) (staying discovery when a court is convinced that the Plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and litigants. *Little*, 863 F.2d at 685).

Plaintiff did not file a response to the motion and the time for filing a response has run. LR 7-2(d) states, "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." For these reasons, the court finds that the Motion to Stay Discovery (Dkt. #13) should be granted. Should any of Plaintiff's claims survive the motion to dismiss, the parties shall file a proposed stipulated Discovery Plan and Scheduling Order within 30 days of the entry of the order on the Motion to Dismiss.

The court has also reviewed Plaintiff's Motion to Extend Time to Serve Summons and Complaint (Dkt. #17), and finds that good cause exists for the extension. As such,

**IT IS ORDERED** that:

1.   Defendant Courtney's Motion to Stay Discovery in Light of the Pending Motion to Dismiss (Dkt. #13) is **GRANTED**.

2.   Should any of Plaintiff's claims survive the Motion to Dismiss, a Discovery Plan and Scheduling Order will be entered within 30 days of the entry of the order on the Motion to Dismiss.

3.   Plaintiff's Motion to Extend Time to Serve Summons and Complaint (Dkt. #17) is **GRANTED.** The Clerk of the Court shall mail Plaintiff a blank Form USM-285 and shall issue Summons to Defendant and deliver the same to the U.S. Marshal for service. Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285. Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether the Defendants were served. If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must

be accomplished within 120 days from the date this order is entered.

Dated this 27th day of September, 2011.

_____
Peggy A. Leen
United States Magistrate Judge