# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM MITCHELL BELL,

    *Plaintiff*,

vs.

SHERIFF, CCDC*, et al.,*

    *Defendants*.

2:11-cv-00922-LDG-PAL

ORDER

This removed *pro se* prisoner civil rights action comes before the Court for initial review of the remaining claims in the complaint under 28 U.S.C. § 1915A as well as on Defendant Courtney's motion (#25) for attorney's fees pursuant to 42 U.S.C. § 1988 following upon securing an order of dismissal as to said defendant.

### *Motion for Fees*

The motion for attorney's fees has not been opposed. Under Local Rule LR 7-2(d), the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. The Court exercises its discretion to grant the motion for attorney's fees under Local Rule LR 7-2(d) due to the absence of a timely opposition. *Accord Gwaduri v. I.N.S.*, 362 F.3d 1144, 1146 (9th Cir. 2004)(lack of timely opposition to motion for attorneys' fees could be treated as tantamount to concession that predicates for statutory fee award were satisfied).

The motion therefore will be granted.

/ / / /

*Screening*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at ___, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the present case, plaintiff William Mitchell Bell seeks to assert federal and state law claims arising from alleged incidents occurring while he was held in the Clark County Detention Center (CCDC) from March 17, 2006, through February 6, 2007.

In the main, plaintiff presents multiple claims alleging that CCDC personnel failed to protect him from a personal visitor taking advantage of his alleged mental illness and alleged illiteracy by fraudulently having him sign documents ceding ownership and authority over his personal assets. Plaintiff alleges, *inter alia*, that CCDC personnel: (a) should not allow persons to visit mental health unit inmates without the supervision of a legal professional or inmate guardian appointed by the court and/or mental health unit professional trained to assist the inmates with such affairs; (b) should examine all documents brought into the facility to determine their nature and legal authenticity; and (c) should determine whether a detainee signing a document is of sound mind and understands what type of document he is signing.

Plaintiff further alleges that CCDC personnel failed to protect him from "potential" bodily injury when another detainee "tried to" assault and batter him on August 26, 2006. He alleges that he was successful in retreating from the physical battering but that the altercation "left him to suffer severe psychological and emotional trauma and stress."

Plaintiff now is in state custody, following upon his conviction.

At the very outset, all federal claims presented are untimely on the face of the complaint. Under federal law, Section 1983 claims arising out of Nevada are governed by a two-year limitations period. *See, e.g., Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir.1999)(federal courts apply the forum state's personal injury statute of limitations for section 1983 claims); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir.1989)(Nevada's statute of limitations for personal injury claims is two years). The complaint was mailed for filing on or about January 21, 2011, nearly four years after the last events alleged in the complaint. All federal claims in the complaint thus are untimely on their face.

In all events, even if the Court were to assume, *arguendo*, that the applicable time-bar could be overcome, the complaint fails to state a claim upon which relief may be granted under federal law. Clearly, on the face of the complaint, county detention personnel have no duty to act as a legal guardian, legal counsel, and/or legal advisor for a detainee, including an allegedly mentally ill detainee, with regard to his personal legal affairs outside the facility. A detention facility owes a duty to protect a detainee from risks of harm inside the facility, such as, *e.g.*, physical attack, exposure to contagious disease, or even a detainee's own apparent suicidal tendencies while detained. It is subject to substantial question whether a detention facility even would have the authority in the first instance to review legal documentation being presented to a detainee with regard to his own personal legal affairs. It is abundantly clear, however, that a detention facility is under no legal duty to screen legal documentation being presented to a detainee, to then ascertain whether the detainee is legally competent to execute such documentation, and to ascertain further whether executing the documentation is in the best interests of the detainee. Imposing such a duty upon a detention facility would be tantamount to requiring that detention facility personnel must act as a legal guardian (in the technical legal sense) and legal professional for allegedly mentally ill detainees in the facility's custody. The Constitution imposes no such duty upon detention facility personnel with regard to detainees' personal legal affairs outside the facility. Such a substantial open-ended expansion of duty, expense, and potential liability as to detention facilities with regard to the outside affairs of detainees clearly is not countenanced by any provision of the Constitution.

Further, with regard to the alleged threatened attack by another inmate, under 42 U.S.C. § 1997e(e), plaintiff may not recover the damages that he seeks based upon alleged emotional trauma and stress without physical injury.

Any and all federal claims therefore will be dismissed for failure to state a claim upon which relief may be granted. The Court finds that allowance of leave to amend before dismissal of the federal claims would be futile, even assuming, *arguendo*, that the claims are not long since time-barred in the first instance.

Following upon the dismissal of any federal claims over which the district court otherwise might have original jurisdiction, the Court finds that the interests of judicial economy, convenience, fairness and comity would be best served in this case by remanding plaintiff's remaining state law claims. The Court accordingly exercises its discretion pursuant to 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over the state law claims and remands the matter.

IT THEREFORE IS ORDERED that all federal claims are DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

IT FURTHER IS ORDERED that Defendant Courtney's motion (#25) for attorneys' fees is GRANTED, such that plaintiff shall pay to Defendant Dr. Keith Courtney $4,875.00 in attorneys' fees and expenses.[1]

IT FURTHER IS ORDERED that this action shall be REMANDED to the Eighth Judicial District Court, State of Nevada, Clark County, in connection with No. A-11-637616-C in that court, thereby closing the federal action, as the Court declines to exercise supplemental jurisdiction over any remaining state law claims.

DATED: 16 Dec 2011

_____
LLOYD D. GEORGE
United States District Judge

---

[1] The Court notes that plaintiff has not established indigence in any of the actions that he has filed in this Court. The only materials that he ever filed in this regard in this Court, in No. 3:09-cv-00010-ECR-RAM, reflected that plaintiff's inmate trust account balance ranged from approximately $22,000.00 to approximately $38,000.00 at that time.